UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MALBERG,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA CORPORATION (1933), et al.,<br><br>    Defendants. | Case No. 22-cv-05245-HSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 15, 17 |

Pending before the Court are Defendants' motions to dismiss. Dkt. Nos. 15, 17. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motions.

**I.  BACKGROUND**

Pro se Plaintiff Martin Malberg filed this action in September 2022 against the State of California and the State Bar of California. *See* Dkt. No. 1 ("Compl."). The complaint is difficult to follow, but Plaintiff refers to Defendants as "foreign corporations," and requests an injunction "to halt all corporate operations within the physical boundaries of California State." *See id.* at 4. He asserts that Defendants "are fraudulent and unconstitutional entities in breach of contract that have been engaged in fraud, deception, and theft from the California State and the People of California since March 9, 1933." *See* Compl. at 4. In short, Plaintiff appears to suggest that the state government is unconstitutional. *Id.* He seeks "1,788,000 ounces of U.S. Gold Eagles" from each Defendant for "Defending the Republic," and "1,788 ounces of U.S. Gold Eagles" for himself. *Id.* Plaintiff has since filed several other documents on the docket, including "logic briefs" regarding Defendants' alleged unconstitutional actions, and a document styled as a

"petition for a redress of grievances." *See* Dkt. Nos. 11–14. Defendants now move to dismiss the complaint. Dkt. Nos. 15, 17.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists." *See Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted). The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

## III. DISCUSSION

Plaintiff's allegations are frivolous, and fail for multiple reasons. As an initial matter, Plaintiff appears to invoke the Court's diversity jurisdiction. *See* Compl. at 1. However, Plaintiff asserts that he is "a citizen of the State of California." *See id.* at 3. The Court nevertheless assumes that by invoking the U.S. constitution, Plaintiff intends to raise a federal question under 28 U.S.C. § 1331.

Even assuming Plaintiff has raised a federal question, the Court has difficulty making sense of Plaintiff's factual allegations or discerning what legal claims he is trying to assert here. He does not explain with any level of specificity what he believes Defendants have done, what basis Plaintiff has for challenging their alleged conduct, or how Plaintiff was injured. Without this basic information, the Court cannot determine whether Plaintiff has suffered a concrete injury, as required under Article III of the Constitution. To establish Article III standing, and invoke the subject matter jurisdiction of the federal courts, a plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). Plaintiff has not met these requirements here, and the Court therefore lacks subject matter jurisdiction.

But even if the Court had jurisdiction and Plaintiff were able to state a claim against Defendants, it would likely be barred by the Eleventh Amendment. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)). There is no indication that Defendants have waived their protections under the Eleventh Amendment.

## IV.   CONCLUSION

The Court therefore **GRANTS** the motions to dismiss. Based on the nature of the deficiencies in Plaintiff's complaint and his subsequent filings, the Court finds that granting leave to amend would be futile. The Court therefore **DISMISSES** the case without leave to amend. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotations omitted). The Clerk is therefore directed to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated: 2/16/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge